[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has commenced this action seeking to recover from the corporate defendant Kissel and Kneale, Inc. for a wrongful termination of his employment contract, and for a breach of his contractual agreement. He further claims the defendant James R. Kissel tortiously interfered with his employment contract, and that the defendants' stockholders James R. Kissel, Jack R. Kneale and Charles R. Tobin breached their fiduciary obligations to the plaintiff. The defendants have denied the claims of the plaintiff and have filed a counterclaim alleging the plaintiff breached his contract by engaging in performing services for another employer. The plaintiff in his special defenses to the counterclaim alleges the defendants had unclean hands and the counterclaim was void because of an anticipatory breach of the agreement by the defendants.
The evidence has established the plaintiff was employed by the corporate defendant in 1983 as a pension analyst. In 1987 he entered into an agreement to purchase a 15% interest in the corporation. At that time, James Kissel was the majority stockholder of the corporate stock. The agreement provided that James Kissel would own 55% of the stock, and the defendants, Jack R. Kneale and Charles R. Tobin would each purchase a 15% interest in the company from James Kissel. The plaintiff; pursuant to the stock purchase agreement was to pay the total sum of $48,817.00 with CT Page 15941-bw an initial payment of $25,000.00 followed by ten annual payments of $3,549.00.
In addition to the stock purchase agreement all the stockholders, James Kissel, Charles Tobin, Jack Kneale and the plaintiff signed an employment agreement on November 2, 1987. This agreement provided for a term of one year commencing November 1, 1987 until October 31, 1988 with an automatic renewal from year to year until terminated by three of the stockholders. The compensation provisions of the contract provided for the plaintiff to receive a base salary, and also cash performance bonuses in the sole discretion of the Board of Directors of the Corporation.
The plaintiff was employed under the agreement until July 7, 1997. During his employment he received a base salary of $71,000.00 a year, which increased to $74,800.00 by 1997, plus bonuses as determined by the Board of Directors. The amounts paid as a bonus each year were discretionary and depended on the net profits of the corporation for the calendar year. The bonuses were distributed at the end of each calendar year, and the annual sums varied from a low of $19,000.00 to a high of $123,000.00. The annual bonus was based upon the stockholders' percentage ownership in the company.
Paragraph 5 of the employment agreement stated that the employees shall devote full time and attention to the affairs of the corporation. In 1996 the plaintiff confronted the defendant James Kissel regarding his involvement in a horse racing business. On one occasion the plaintiff called James Kissel a liar. The incidents created tension within the company and it created a divisive atmosphere. In October or November 1996 two meetings of the shareholders took place to discuss the dissension within the office. At the first meeting Mr. Kissel suggested that the plaintiff resign. At the second meeting the plaintiff notified the other shareholders he would not resign and at that time Kissel, the majority stockholder, advised him they could no longer work together. On November 16, 1996 James Kissel, Jack Kneale and Charles Tobin voted not to renew the plaintiff's contract at the end of its term, October 31, 1997. The plaintiff continued to work for the corporation until June 1997 when he took a vacation until July 7, 1997. On July 6, 1997 the plaintiff was advised by Jack Kneale that his employment would terminate October 31, 1997, and he would be paid until the end of the term of the agreement. The plaintiff then received two letters advising him of the termination of his employment October 31, 1997, and although he would be paid, his presence on the premises will not be necessary. He was also advised to be available for consultation by phone until the termination date. CT Page 15941-bx
In early October 1997 the plaintiff was employed by Wells, Lamariello and Company and he commenced his employment with that company on October 13, 1997. His salary with his new employer was $71,760.00 per year.
The plaintiff claims he is entitled to vacation pay for 18 days and 2 hours of unused vacation pay. Paragraph 6 of the Employment Agreement does provide for such vacation leave during the term of the agreement. The dispute between the parties relates to the amount plaintiff is entitled to recover as vacation pay. This court finds that the plaintiff is entitled to $5,250.16 for unused vacation pay.
The plaintiff also claims a bonus for the calendar year of 1997, as well as a salary increase for that year. Paragraph 3(b) of the Employment agreement states as follows:
 In addition to the annual salary described in Section 3(a) hereof, Employees may receive cash performance bonuses in the sole and absolute discretion of the Board of Directors of the Corporation.
The evidence established the plaintiff received a year end bonus in December 1996. After that distribution the Board of Directors never declared cash performance bonuses for the period ending October 31, 1997. The distribution of bonuses was a discretionary matter for the Board, and they had the right, as agreed by all the stockholders to determine the time and amount to be distributed as a bonus. The evidence does not support the claim of the plaintiff that he is entitled by either the agreement or an implied contract to the payment of a bonus in 1997. The Board after the termination of the plaintiff's employment contract on October 31, 1997 had the discretion to declare bonuses and salary increases to the remaining employees and shareholders. Such action did not give rise to an implied right to damages as claimed by the plaintiff. The plaintiff has not sustained the burden of proving he was entitled to either the claimed bonus or a salary increase for 1997.
The plaintiff contends he was wrongfully terminated and therefore he is entitled to an additional one year salary. The evidence established the decision to terminate the plaintiff was approved by the vote of the stockholders and directors at the meeting on November 16, 1996. The plaintiff was present at that meeting which was held at the request of the plaintiff. The plaintiff left the meeting before it concluded, and three of the stockholders and directors then voted to terminate the plaintiff. CT Page 15941-by Section 2 of the Employment Agreement required three stockholders to approve the termination. On July 7, 1997 three of the stockholders and officers of the corporation signed the termination letter which gave the plaintiff the 90 day notice required by the Employment Agreement. The plaintiff has failed to sustain the burden of proving the termination was wrongful, and any claim of irregularity in the meeting was harmless.
The claim of the plaintiff that the defendant James Kissel tortiously interfered with the plaintiff's employment agreement has not been proven by the plaintiff. The plaintiff's employment was terminated by three stockholders and directors as a result of the irreconcilable differences that existed between the plaintiff and James Kissel. The evidence does not establish there was tortious conduct or wrongful interference by James Kissel. The plaintiff has failed to prove that James Kissel acted intentionally, willfully or maliciously to make him liable for punitive damages as claimed by the plaintiff. The claim of the plaintiff for legal fees is therefore denied.
The claim by the defendants that the plaintiff breached his employment agreement when he accepted employment with Wells and Lamariello on October 13, 1997 has not been proven by the defendants. Therefore the relief sought by the defendants in their counterclaim is denied.
For the foregoing reason judgment shall enter for the plaintiff to recover $5,250.16 plus interest of 10% per annum from October 31, 1997 to date of payment for unused vacation pay.
Howard F. Zoarski Judge Trial Referee